ELIZABETH F. LORELL
ELORELL@GRSM.COM

QING H. GUO
QGUO@GRSM.COM

GRSM50
GORDON REES SCULLY MANSUKHANI
YOUR **50 STATE** LAW FIRM™
ATTORNEYS AT LAW
290 W. MT. PLEASANT AVENUE, SUITE 3310
LIVINGSTON, NJ 07039
WWW.GRSM.COM

January 6, 2026

**Via ECF**
The Honorable Zahid N. Quraishi, U.S.D.J.
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

> Re:  **Roach v. Vumedi, Inc. (D.N.J)**
>      **Docket No.: 24-7795**

Dear Judge Quraishi:

Defendant VuMedi, Inc. ("Defendant" or "VuMedi") submits this Letter Reply Brief and accompanying Response to Plaintiff's Counter Statement of Undisputed Material Facts in further support of its Motion for Summary Judgment. (ECF No. 38-1).

## PRELIMINARY STATEMENT

The undisputed material facts warrant judgment in favor of Defendant in this two count gender discrimination lawsuit. Of VuMedi's 85 statements of undisputed material fact, Plaintiff formally disputes only five. The remaining 80 facts are admitted or deemed admitted, establishing that no evidence exists to corroborate Plaintiff's allegations of discrimination or retaliation, and Plaintiff admits in her Response to Defendant's Statement of Undisputed Material Facts ("RSUMF") that she failed to meet her PIP goals, and substantial documentary evidence confirms

Roach v. VuMedi
Hon. Zahid N. Quraishi, U.S.D.J.
January 6, 2026
Page **2** of **12**

Plaintiff was terminated for objective, documented performance failures. Plaintiff acquired only 32 of 60 required videos for the entire 2024 Q1, failing to meet her Performance Improvement Plan ("PIP), she relied on subordinates to perform director-level work rather than independently developing relationships and, under the after acquired evidence rule, VuMedi uncovered that she fabricated a meeting with coordinator Michael Rausch ("Rausch") on January 22, 2024, which would have resulted in her immediate termination.

Plaintiff cannot meet her burden of her prima facie case because she was not replaced by a similarly situated male.

Plaintiff's Opposition Brief ("Pl. Opp.") fabricates a retaliation theory: she claims for the first time that her goals were increased after an alleged January 17, 2024 discriminatory comment by her supervisor Bernardo Schubsky ("Schubsky"). Her own text messages destroy this claim. On November 16, 2023—two months before any alleged comment—she texted colleague Sonja Lee that Schubsky wanted her to handle content individually: "I think he eventually wants me to take everything / like not have us divide and conquer eventually," responding "wtf is this / this is insane." On December 8, 2023—over five weeks before—she texted that goals would be "specialty only" attribution. On January 4, 2024—13 days before— Schubsky confirmed in writing: "Total for Q1: 60 videos... In any case, no surprises

Roach v. VuMedi
Hon. Zahid N. Quraishi, U.S.D.J.
January 6, 2026
Page **3** of **12**

for us." These messages prove Plaintiff knew her goals before any alleged discriminatory comment. Courts do not second-guess legitimate business decisions based on uncorroborated testimony contradicted by overwhelming documentary evidence. Summary judgment should be granted.

## **LEGAL ARGUMENT**

**I.     SUMMARY JUDGMENT IS JUSTIFIED BECAUSE PLAINTIFF FAILS TO SHOW A PRIMA FACIE CASE OF GENDER DISCRIMINATION**

Plaintiff fails to establish prima facie gender discrimination under both Title VII and NJLAD based on the undisputed material facts, warranting judgment in favor of VuMedi. As set forth in VuMedi's moving brief, Plaintiff cannot and has not established the fourth prong of her prima facie case – that her termination gives rise to an inference of discrimination on the basis of gender.

The crux of Plaintiff's gender discrimination is that her supervisor, Shubsky, allegedly told her during an in person meeting on January 17, 2024 that she would be further along in the process and "he didn't expect her to be because he knows shes [sic] a mom, has kids to take care of, and he doesn't expect her to work the hours that he does." (Pl. Opp. 8) This statement is not corroborated by any documentary evidence, and is denied by all witnesses identified by Plaintiff during the course of this litigation. To support this assertion, Plaintiff relies solely on her

Roach v. VuMedi
Hon. Zahid N. Quraishi, U.S.D.J.
January 6, 2026
Page **4** of **12**

own self-serving deposition testimony and EEOC Charge of Discrimination. *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 161 (3d Cir. 2009) ("conclusory, self-serving [statements] are insufficient to withstand a motion for summary judgment.") Thus, absent any other evidence to support her allegation that Schubsky made those statements to her, Plaintiff's testimony cannot withstand Defendant's motion for summary judgment. *See Hills v. HHC Corporation d/b/a McDonald's*, No. CV206237ZNQRLS, 2023 WL 3597705, at *7 (D.N.J. May 23, 2023).

Plaintiff admits that there is no documentary evidence to corroborate her claims. She further admits that she has never witnessed Schubsky treat males more favorably than her or other females. *See Gans v. Mundy*, 762 F.2d 338, 341 (3d Cir.) ("summary judgment is proper where the facts are undisputed"), cert. denied, 474 U.S. 1010, 106 S. Ct. 537, 88 L. Ed. 2d 467 (1985).

## A. No Similarly Situated Male Comparator

As set forth in VuMedi's moving Brief, Plaintiff admitted under oath she knew of only one male director and stated "I'm not sure" if he was treated differently. (SUMF ¶¶ 77-78; RSUMF ¶¶ 77-78). Moreover, Plaintiff admits that she has never witnessed Schubsky treat males more favorably than females. This admission alone defeats her prima facie case. *Brown-Baumbach v. B&B Auto., Inc.*, 437 F. App'x

Roach v. VuMedi
Hon. Zahid N. Quraishi, U.S.D.J.
January 6, 2026
Page **5** of **12**

129, 135 (3d Cir. 2011) (finding that Plaintiff failed to establish a prima facie case of gender discrimination when she failed to present any evidence that similarly situated males were treated more favorably than she was.")

Plaintiff argues in her Opposition that Kolton Jacobson "replaced" her. The undisputed facts defeat this claim. Jacobson was hired as "cardiometabolic manager under primary care"—a manager-level position (not director), in a different department (primary care, not adult & family medicine), with a different reporting structure. (Pl. Counter-SOMF ¶ 47; Def. Response ¶ 47). Plaintiff's director position was eliminated; responsibilities were redistributed across multiple team members. Jacobson did not assume Plaintiff's position or duties.

## II.    PLAINTIFF'S OWN TEXT/SLACK MESSAGES PROVE HER GOALS WERE SET BEFORE ANY ALLEGED COMMENT ON JANUARY 17, 2024.

Plaintiff's core theory that her goals were increased in retaliation for an alleged January 17, 2024 comment is demolished by her own contemporaneous text messages.

**November 16, 2023** (two months before alleged comment): Plaintiff texted Lee: "he's going to talk about me handling diabetes content" ... "I think he eventually wants me to take everything" ... "like not have us divide and conquer eventually." Lee responded: "I do feel this is coming from Roman and Desirae." Plaintiff texted:

Roach v. VuMedi
Hon. Zahid N. Quraishi, U.S.D.J.
January 6, 2026
Page **6** of **12**

"wtf is this / this is insane / i'm confused about the goal here... for me to take over all diabetes and obesity for endo?" (Counsel Decl., Exhibit P, P250, P252). This November 16 exchange proves Plaintiff knew in November 2023 she would be individually responsible for her specialty's content. Her shocked reaction ("wtf is this / this is insane") demonstrates this was new information in mid-November—not a later retaliatory change.

**November 30, 2023** (nearly two months before alleged comment): Plaintiff texted in her group chat with Sonja Lee and Michael Rausch: "just found that in this deck. they're expecting me to move from 25 glp videos to 45 the next quarter?!?!" (*Id.*, Exhibit R, P528). This proves Plaintiff knew in late November her video goals would increase for Q1 2024.

**December 8, 2023** (over five weeks before alleged comment): Plaintiff texted about Schubsky's planning documents: "it says something to the effect of Achievement of acquisition goals: specialty only OR browse terms. that leads me to believe that he is going to try to make these video goals not be connected to the browse term, but connected to our actual specialty only. so those select videos technically wouldn't count for me because my specialty didn't acquire them." (*Id.,* Exhibit P, P280). This proves Plaintiff knew in early December that video goals

Roach v. VuMedi
Hon. Zahid N. Quraishi, U.S.D.J.
January 6, 2026
Page **7** of **12**

would be "specialty only" attribution—the same "individual attribution" requirement she now claims was retaliatory.

**January 4, 2024** (13 days before alleged comment): Schubsky sent Plaintiff a detailed Slack message: "Hi Dawn. I just received the WIP version of the All Hands. We've actually got it perfectly accurate on your goals. What we discussed and what is on our 1:1 document is: Diabetes and Obesity Acquisition goals Q1 2024: GLP1: 25 videos, General obesity topics: 15 videos, General diabetes videos: 20 videos, Total for Q1: 60 (20 videos per month)... In any case, no surprises for us. 60 videos for Q1 will be the goal." (Counsel Decl., Exhibit Q, VUMEDI 122).

This January 4 message is dispositive. Schubsky explicitly confirmed—13 days before any alleged January 17 comment—that Plaintiff's Q1 goal was 60 videos and emphasized "no surprises for us." The goals were already set and communicated. This contemporaneous documentary evidence destroys Plaintiff's retaliation theory.

**January 29, 2024** (12 days after alleged comment): Plaintiff texted Lee: "he saying my metrics shouldn't include anyone else's aquired videos." (Counsel Decl., Exhibit P, P394). This describes the same individual attribution requirement Plaintiff had known about since December 8—not a new retaliatory policy.

These text messages—sent before or shortly after January 17, 2024—prove Plaintiff's theory is false. She was aware her 60-video quarterly goal and individual

Roach v. VuMedi
Hon. Zahid N. Quraishi, U.S.D.J.
January 6, 2026
Page **8** of **12**

attribution requirement before any alleged discriminatory comment. The PIP formalized expectations communicated since November 2023 based on legitimate performance concerns that were being raised by colleagues to VuMedi leadership.

## III.  PERFORMANCE CONCERNS PREDATED ANY ALLEGED COMPLAINT BY MONTHS

Contrary to Plaintiff's contention of pretext, overwhelming evidence establishes performance concerns existed months before any alleged January 17, 2024 incident. "[C]ritical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, or where it is so overwhelming that it mandates judgment in favor of the movant." *Armstrong v. City of Dallas*, 997 F.2d 62, 67 (5th Cir. 1993).

**November 3, 2023**: Plaintiff texted Lee that Schubsky would "focus on babysitting me basically" to ensure she was prospecting effectively. (Counsel Decl., Exhibi Q, P515-16). This contemporaneous admission—more than two months before any alleged comment—proves Plaintiff knew performance concerns required closer oversight.

**October-November 2023**: Lee provided remedial training on basic functions like "how to follow up on opportunities"—topics covered during onboarding. (Lee Dep. 35:8-36:2; SUMF ¶ 23). Lee and Rausch complained weekly about extra workload caused by Plaintiff's reliance on them. (Lee Dep. 45:16-46:10; SUMF ¶¶

Roach v. VuMedi
Hon. Zahid N. Quraishi, U.S.D.J.
January 6, 2026
Page **9** of **12**

25-26). Schubsky received complaints in November that Plaintiff was "relying on me and Mike" to do her work. (Schubsky Dep. 60:15-61:5; SUMF ¶ 27).

**December 2023**: Cujzek complained to Hazen that Plaintiff "was not doing her job, and not meeting her goals." (Hazen Dep. 40:7-41:10; SUMF ¶ 28). Hazen and Schubsky discussed that Plaintiff had "no opportunities logged" in SalesForce, her calendar was "basically empty" compared to peers, and she often "wasn't responding" despite having "nothing scheduled." (Hazen Dep. 42:16-43:14; Schubsky Dep. 61:14-63:18; SUMF ¶¶ 30-33).

These documented performance concerns from multiple witnesses—occurring months before any alleged January 17, 2024 comment—establish legitimate, non-discriminatory reasons existed before any alleged protected activity.

## IV.    OBJECTIVE PIP FAILURE IS UNDISPUTED AND DEFEATS PRETEXT

Plaintiff admits she did not meet the goals set forth in her PIP. The undisputed facts establish:

- 12 of 25 required GLP-1 videos (48%)
- 5 of 20 required diabetes videos (25%)
- 15 of 15 required obesity videos (100%)
- Overall: 32 of 60 videos (53%)

Roach v. VuMedi
Hon. Zahid N. Quraishi, U.S.D.J.
January 6, 2026
Page **10** of **12**

(SUMF ¶¶ 54-55; RSUMF ¶¶ 54-55; Pl. Counter-SOMF ¶ 42; Def. Response ¶ 42).

These mathematical facts are undisputed. Plaintiff argues she should receive credit for 108 videos counting team contributions. (Pl. Counter-SOMF ¶ 42). This argument fails because: (1) the PIP expressly required individual acquisition, and (2) Plaintiff knew about individual attribution since December 2023 (her own December 8 text), and she admits that she failed to meet her PIP goal. Her attempt to count team videos demonstrates continued failure to work independently—the core performance issue necessitating the PIP.

## V.    THE ALLEGED "DIRECT EVIDENCE" FAILS

### A. Uncorroborated Testimony Contradicted by Every Witness and Documentary Evidence Cannot Defeat Summary Judgment

Plaintiff's discrimination case rests entirely on an uncorroborated alleged January 17, 2024 comment. The undisputed facts establish:

- Schubsky categorically denies making the comment. (Schubsky Dep. 56:3-8; SUMF ¶¶ 68-69; Pl. Counter-SOMF ¶ 29; Def. Response ¶ 29).

- The alleged comment occurred in a private meeting with no witnesses.

- Plaintiff never documented it in any email, text, or Slack message. (SUMF ¶¶ 65-67).

- When allegedly reported to Hazen, Hazen does not recall Plaintiff describing specific discriminatory comments. (Hazen Dep. 185:4-25, 214:15-19; SUMF ¶¶ 75-76; Pl. Counter-SOMF ¶¶ 32, 38-39; Def. Response ¶¶ 32, 38-39).

Roach v. VuMedi
Hon. Zahid N. Quraishi, U.S.D.J.
January 6, 2026
Page **11** of **12**

- Every other witness denies hearing Plaintiff mention discrimination: Bailey (HR) does not recall discrimination complaints; Giverts, Lee, and Rausch never heard Plaintiff complain about discrimination. (SUMF ¶¶ 73-76; RSUMF ¶¶ 73-76).

Most damaging to credibility: Plaintiff's own contemporaneous texts prove the comment never occurred. On January 17, 2024—the day of the alleged comment—Plaintiff texted Lee about meeting logistics but said nothing about discrimination. On February 23, 2024, Plaintiff texted Lee extensively about Schubsky's harsh criticism ("u aren't pulling your weight," "desirae and roman are noticing"), yet never mentioned discrimination, gender, or being a mother. When the PIP was issued February 29, Plaintiff texted Lee "they're putting me on a pip"—but said nothing about discrimination or retaliation.

If Schubsky had made a discriminatory comment and if Plaintiff had complained about it, she would have mentioned it to Lee—her close colleague with whom she discussed work matters constantly via text. She didn't. Her silence proves the alleged comment never occurred.

## **CONCLUSION**

VuMedi has met its burden on summary judgment by showing that Plaintiff's evidence is insufficient to carry its burden of persuasion at trial. Of 85 facts, Plaintiff disputes only five—and those disputes rest on uncorroborated testimony

Roach v. VuMedi
Hon. Zahid N. Quraishi, U.S.D.J.
January 6, 2026
Page **12** of **12**

contradicted by her own text messages proving she knew her goals before January 17, 2024.

The undisputed facts establish: (1) Plaintiff cannot identify a similarly situated male comparator ("I'm not sure"); (2) no one replaced her—Jacobson holds a different position at a lower level; (3) her goals were set before any alleged comment (November-January texts, January 4 "no surprises" message); (4) performance concerns existed October-December 2023 (Plaintiff's own November 3 text: "babysitting me basically"); (5) she objectively failed the PIP (32 of 60 videos); and (6) she fabricated a meeting on January 22 ("put something on the calendar retroactively" / "if B asks").

Courts do not interfere with legitimate business decisions supported by objective evidence. Plaintiff's termination followed documented performance failures and objective PIP failure. Her uncorroborated testimony—contradicted by overwhelming documentary evidence including her own contemporaneous texts—cannot create a genuine dispute. Summary judgment should be granted.

Respectfully submitted,
GORDON REES SCULLY
MANSUKHANI, LLP

*/s/ Qing H. Guo*
Elizabeth F. Lorell
Qing H. Guo

c: all counsel of record (via ECF)